IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv367

| | | |
|---|---|---|
| **HIGH VOLTAGE BEVERAGES, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **THE COCA-COLA COMPANY,** | ) | |
| | ) | |
| **Defendant and Counter Claimant,** | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| **HIGH VOLTAGE BEVERAGES, LLC,** | ) | |
| | ) | |
| **Counter Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on plaintiff's Motion to Compel (#96) and defendant's Motion for Protective Order (#99). At issue in both motions is whether defendant's production of some 17 gigabytes of data, without first reviewing such data, satisfies defendant's production requirements under Rule 26, Federal Rules of Civil Procedure.

After an initial production of some 1.7 million pages of documents, defendant contends that plaintiff demanded that it search for alternative sources of documents

1

surrounding defendant's investigation and selection of the VAULT mark. Defendant identified two other possible sources of information, the email and computer files of senior management employees Javier Benito and Allison Lewis. Mr. Benito left the company in 2005 and defendant determined from a review of documents retained that the Benito collection contains no documents related to the VAULT mark.

Thus, the instant dispute only concerns a collection of documents identified with Allison Lewis, hereinafter the "Lewis collection." In response to plaintiff's request, defendant retrieved additional information from Ms. Lewis that was retained in accordance with litigation holds in other unrelated lawsuits. The Lewis collection amounts to some 17 gigabytes or 1.5 million pages of documents. While defendant does not object to producing such data, it contends that it should not be put to the task of reviewing such data inasmuch as it believes that it has produced every document related to clearance of the VAULT mark and that any VAULT document that could possibly be discovered in such review has already been produced. Review of all the memoranda as to both motions indicates that the Lewis collection was drawn from Ms. Lewis's hard drive, that defendant offered plaintiff an opportunity to key-word search such collection, and that plaintiff refused.

Determination of both motions is governed by the proportionality standard found in Rule 26(b)(2)(C), which provides, as follows:

(C) When Required. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
    (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
    (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
    (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2)(C). While intellectual property law practitioners may beg to differ, this court assumes that all litigants and their counsel deal in good faith. In this case, counsel for defendant unequivocally states that it has produced all documents in its possession relevant to defendant's selection of the VAULT mark and that *de novo* review of the 17 gigabytes comprising the Lewis collection will not result in the production of any documents that have not already been produced. At this point, the court has no reason to believe that such statement is anything but true.

Under Rule 26(b)(2)(C)(i), the court finds that requiring defendant to sift sand for documents it has already produced would be unreasonably duplicative of earlier efforts and that the material contained therein is likely available from other sources, to wit, an earlier production of documents. Under Rule 26(b)(2)(C)(ii), the court finds that not only has plaintiff had ample opportunity to obtain the information by

3

discovery in the action, it has, in all probability, *already* obtained the documents. Under Rule 26(b)(2)(C)(iii), defendant has made an unrebutted showing that the man-hours and expense of reviewing the collection would be extraordinary, and it appears to the court that the burden or expense of the proposed discovery outweighs its likely benefit. Thus, the court find that it would be disproportional to require defendant to review such information prior to producing it to plaintiff and deny plaintiff's request.

Inasmuch as it appears that such information resides in an electronic format that is capable of being searched while on defendant's system,[1] the court will require defendant to again extend to counsel for plaintiff the opportunity to search such data collection at defendant's place of business on defendant's computers. Any such search shall be concluded not later than September 25, 2009, and respective counsel shall arrange for any such review to be conducted during normal business hours.

Finally, the court finds that circumstances make an award of expenses unjust to either party, to wit, that the circumstances underlying this motion presented a novel question on which court guidance was necessary; therefore, the court will require the parties to abide their own costs as to both motions. Fed.R.Civ.P. 37(a)(5).

---

[1] The court has assumed that defendant uses proprietary software.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Compel (#96) is **DENIED,** defendant's Motion for Protective Order (#99) is **GRANTED,** a **PROTECTIVE ORDER** is entered providing that defendant shall not be required to conduct a review of the 17 gigabyte Lewis collection prior to producing it to plaintiff, but shall afford plaintiff a second opportunity to electronically search such collection as provided above.

Signed: September 7, 2009

Dennis L. Howell
United States Magistrate Judge