# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:08cv367

| | |
|---|---|
| HIGH VOLTAGE BEVERAGES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| THE COCA-COLA COMPANY, ) | |
| ) | |
| Defendant and Counter ) | |
| Claimant, ) | |
| ) | |
| Vs. ) | |
| ) | |
| BRAND NAME MANAGEMENT, INC.; ) | |
| and OWEN RYAN, ) | |
| ) | |
| Counter Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendant's "Declaration of Angel Mitchell" (#154) and defendant's "Supplement to Motion to Compel" (#159). As to the "Declaration of Angel Mitchell" (#154), defendant filed a 168 page supplement, without leave of court, after the close of business on the night before the March 5, 2010, hearing. For the reasons stated at such hearing, such pleading will be stricken.

At such hearing, the court also informed the parties that it would issue its decision on the fully briefed Motion to Compel the following week. In the middle of

the next week, however, defendant filed a 14 page "Supplement to Motion to Compel" (#159). The court does not recall that defendant either advised the court at the March 5, 2010, hearing that it intended to file such a supplement and the record is devoid of any motion for leave to such a pleading. Such supplemental pleading, especially those that would require further delay to await a response, are not anticipated or allowed by Local Civil Rule 7.1. That such supplement could delay the decision making process is clear from the pleading itself inasmuch as defendant notes that "TCCC submits this in writing so that HVB can have an opportunity to respond, if necessary." Supplement, Docket Entry #159, at f.n. 1.

While the court believes it made itself clear at the previous hearing, it will drive the point home again: counsel need to seek leave of court prior to departing from either the Pretrial Order, the Local Civil Rules of this court, or the practices of the federal Bar in this district . By filing such supplement, defendant has sidetracked the court (and its limited resources) in its consideration of the ripe Motion to Compel. If the court were to allow such pleading to stand, and wait for the response to the supplement as anticipated in the footnote, the court would be delayed at least another 17 days. While the court has no reason to believe that such was an intended collateral consequence of such filing, such delay might further work to delay implementation of the revised Pretrial Order, which was argued and announced at the hearing.

While such a supplement may well pass muster in other districts, and may well be routine in Lanham Act and other intellectual property cases, the court encourages defendant's lead counsel, who have been admitted *pro hac vice*, to consult with their local counsel - - who are some of the most experienced litigators in the Asheville Division - - as to their opinion as to whether such pleadings (including the 168 page submission the night before a hearing) would be well taken, especially where the court has announced that a decision would be forthcoming.

* * *

Setting such considerations aside, the court is most pleased with the performance of all counsel of record. Indeed, the arguments at the last hearing were excellent. All counsel should be aware, however, that the judges of this district do not turn loose the reigns in intellectual property cases either in pretrial proceedings or at trial.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's "Declaration of Angel Mitchell" (#154) and defendant's "Supplement to Motion to Compel" (#159) are **STRICKEN** as improvidently filed.

Signed: March 11, 2010

_Dennis L. Howell_

Dennis L. Howell
United States Magistrate Judge