IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No. 3:08-CV-367

| | | |
|---|---|---|
| HIGH VOLTAGE BEVERAGES, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE COCA-COLA COMPANY, a Delaware | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant and Counter-Claimant, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| BRAND NAME MANAGEMENT, INC., | ) | |
| a Delaware Corporation, HIGH VOLTAGE | ) | |
| BEVERAGES, L.L.C., and OWEN RYAN, | ) | |
| | ) | |
| Counter Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff's Objection (Doc. 151) to the Magistrate Judge's September 8, 2009 Order (Doc. 118) granting Defendant's Motion for Leave to Amend Counterclaims (Doc. 94). For the following reasons, Plaintiff's Objection is **OVERRULED.**

## I. BACKGROUND

Plaintiff filed this trademark infringement action on August 12, 2008, alleging, *inter alia*, that Defendant's "Vault" mark infringes on Plaintiff's federally registered "Volt" trademark. Defendant contends that Plaintiff's trademark is invalid because Plaintiff never intended to use the Volt mark in commerce. Additionally, Defendant argues that Plaintiff, motivated by

uninterested third-party investors, registered the Volt mark solely to pursue the instant litigation. In Defendant's view, Plaintiff is "the original" trademark troll.

Recognizing that fraud was in the works, Defendant sought various items in discovery that it believed might prove that Plaintiff's trademark infringement suit was champertous. Throughout discovery, Plaintiff obstructed Defendant's attempts to obtain information supporting its suspicions. Despite Plaintiff's efforts, Defendant managed to obtain evidence that supports its claims for champerty and maintenance. Armed with this new material, Defendant filed a Motion for Leave to Amend Counterclaims (Doc. 94) and a Motion for Leave to File Surreply (Doc. 113) with the Court. The motions were granted by the Magistrate Judge on September 8, 2009. (Doc. 118.) Plaintiff timely objected.[1] (Doc. 151.)

## II. STANDARD OF REVIEW

The district court may, in its discretion, assign to a magistrate judge non-dispositive pretrial matters pending before the court. 28 U.S.C. § 636(b)(1)(A). Rule 72(a) of the Federal Rules of Civil Procedure allows Plaintiff to "serve and file objections to the [Magistrate's] order." FED. R. CIV. P. 72(a). The Court will set aside "any part of the order that is clearly erroneous or is contrary to law." *Id.*

Under this standard, "a finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *Walton v. Johnson*, 440 F.3d 160, 173–74 (4th Cir. 2006). An order is contrary to law if the magistrate judge failed to apply or misapplied statutes, case law, or procedural rules.

---

[1] The fourteen day time limit is not at issue in this matter because the objection and response were filed pursuant to an extension of time granted by the Magistrate Judge.

*See Miceli v. KBRG of Statesville, L.L.C.*, No. 5:05-CV-265-V, 2008 WL 2945451, at *1 (W.D.N.C. July 24, 2008).

### III. DISCUSSION

**A.     Motion to Amend Counterclaims**

Federal Rule of Civil Procedure 15(a) provides that when a party seeks leave to amend a complaint, "leave shall be freely given when justice so requires."[2] Motions to amend are to be granted in the absence of undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**B.     The Magistrate Judge's Order**

The Court reviews the Magistrate Judge's Order (Doc. 118) for clear error, Fed. R. Civ. P. 72(a); in this case, there is no error. The Order correctly explains the jurisprudence governing the amendment of pleadings. (Doc. 118, at 2.) The Order properly acknowledges that motions to amend are freely granted in the absence of undue delay, futility, or prejudice to the opposing party under *Foman*. (Doc. 118, at 2.) The Magistrate Judge also determined that in the Fourth Circuit, an absence of undue prejudice by itself would "ordinarily warrant granting leave to amend, and that mere delay absent any resulting prejudice or evidence of dilatoriness was not sufficient justification for denial." *Ward Elecs. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)).

---

[2] Although the Order analyzes the amendment primarily in the context of Rule 15, it also examines the amendment for compliance with Rule 13(f). (Doc. 118, at 9.) On December 1, 2009, the Federal Rules of Civil Procedure were amended, and Rule 13(f) was abrogated because it was redundant and caused confusion. Analysis of a motion requesting leave to amend a counterclaim—before, and after the amendments to the Federal Rules—is conducted under Rule 15. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 940 (4th Cir. 1995)

### 1. *Undue Delay*

In this case, the Magistrate Judge properly concluded that there is no undue delay. The evidence supporting Defendant's counterclaims for champerty and maintenance were produced—along with thousands of pages of other material—on April 27, 2009. (Doc. 118, 2.) Defendant brought its motion to amend on June 24, 2009. (Doc. 94.) In the interim, Defendant had to review the evidence, research the law, and determine whether there existed viable counterclaims for champerty and maintenance. Defendant's prompt completion of those tasks in just two months is not typical of a party seeking to prolong litigation and unduly delay its opponent. Therefore, the Magistrate Judge's holding regarding undue delay was not clearly erroneous.

### 2. *Futility*

Defendant's counterclaims for champerty and maintenance are not futile. Futility requires a two-step analysis: First, does the cause of action exist? *Cf. Omni Outdoor Adver., Inc. v. Columbia Outdoor Adver., Inc.*, 974 F.2d 502, 506 (4th Cir. 1992) (party cannot amend complaint to include state tort claim recognized after complaint was filed). And if so, can the counter-claimant allege facts in support of the claim sufficient to survive an immediate Rule 12(b) motion to dismiss? *Jones v. N.Y. Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir. 1999) (amendments subject to "immediate dismissal" are futile). The Magistrate Judge correctly answered both of these questions in the affirmative.

Plaintiff contends that Defendant's amendments are futile because (1) champerty and maintenance are dead doctrines in North Carolina (Doc. 151, 8–9); and (2) the elements of champerty and maintenance are not met (*id.*, at 9–14).[3]

### i. *Are champerty and maintenance cognizable causes of action under North Carolina law?*

First, champerty and maintenance are not dead in North Carolina. This proposition is so obvious that it hardly warrants any further explanation. *See Charlotte-Mecklenburg Hosp. Auth. v. First of Ga. Ins. Co.*, 455 S.E.2d 655 (N.C. 1995); *Odell v. Legal Bucks, L.L.C.*, 665 S.E.2d 767 (N.C. App. 2008); *Oliver v. Bynum*, 592 S.E.2d 707 (N.C. App. 2004); *see also Smith v. Hartsell*, 63 S.E. 172, 174 (N.C. 1908) (explaining the elements of champerty and maintenance). Therefore, the Magistrate Judge did not err by holding that champerty and maintenance are not dead in North Carolina.

### ii. *Can Defendant allege facts in support of its claims for champerty and maintenance sufficient to survive an immediate motion to dismiss?*

Plaintiff has confused this part of the analysis. In its view, the amendments must be denied because the elements of champerty and maintenance are not met. But, the question of

---

[3] Plaintiff makes two additional arguments which carry little persuasive force with the Court. First, Plaintiff contends that Defendant does not have standing to assert a claim for champerty or maintenance because it was "a stranger to any alleged transaction between BNM and HVB." (Doc. 151, 22.) Plaintiff's argument simply misapprehends the law. To have standing, Defendant need only suffer injury from Plaintiff's champerty—nothing more. *See Oliver v. Bynum*, 592 S.E.2d 707, 711 (N.C. App. 2004).

Second, Plaintiff argues that Defendant's counterclaims should be dismissed because Defendant "asserts its claims solely against HVB, the holder of the trademark." (Doc. 151, 10.) In other words, HVB could not have committed champerty by funding its own litigation. This argument ignores Defendant's claim that HVB is a shell company for Plaintiff's champerty. In this vein, Defendant identifies HVA—the financing arm of HVB—as the intermeddling financier; and BNM—the assignor and original owner of the trademark—as the party with a legitimate legal interest in the trademark's infringement. (Doc. 94-1, 24.) If additional parties must be joined pursuant to Rules 19 or 20 of the Federal Rules of Civil Procedure, then that defect can be cured by motion.

whether the elements of champerty and maintenance are met—in other words, whether Defendant's champerty and maintenance claims will succeed on the merits—is not before the Court. Rather, the relevant question is whether Defendant's champerty and maintenance counterclaims are futile.

Futile claims are those that have *no chance* of surviving an *immediate* motion to dismiss, not those that might be dismissed later. The Magistrate Judge correctly observed this distinction:

> Defendant has pointed to discovery materials which it believes would support such a claim, which the court has reviewed insofar as they are in the materials now before the court, and the court finds that the proposed allegations would likely pass muster under the plausibility standard in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, ___ U.S. ____, 129 S.Ct. 1937, 1950 (2009). If such evidence were construed in a light most favorable to defendant, such a counterclaim would likely survive Rule 12(b)(6) analysis. . . . *Whether this will be born out at trial is not before the court at this time.*

(Doc. 118, 3–5 (emphasis added).)

The Magistrate Judge identified numerous documents, emails, and brochures: all of which support his conclusion that "there appears to be colorable evidence that plaintiff invested not in a valuable mark, but in valuable litigation." The Magistrate Judge concluded that the counterclaims for champerty and maintenance were supported by sufficient facts to survive an immediate motion to dismiss. Nothing in the record suggests otherwise.

### 3.    *Undue Prejudice to Plaintiff*

Lastly, Defendant's counterclaims do not inflict *undue* prejudice to Plaintiff. It was only during "the eleventh hour of discovery" that Plaintiff finally produced documents to Defendant which suggested that champerty and maintenance were afoot. (Doc. 118, 4.) Until April 27, 2009, these documents were in Plaintiff's exclusive possession. If Plaintiff was more

forthcoming with its responses to Defendant's discovery requests, perhaps Defendant could have asserted its counterclaims at an earlier date. Whatever prejudice Plaintiff suffers as a result of the Magistrate Judge's Order is its own doing, and cannot, therefore, be fairly characterized as undue. The Magistrate Judge's holding—that allowing Defendant leave to amend would not unduly prejudice Plaintiff—is not clearly erroneous.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Objection to the Magistrate Judge's September 8, 2009 Order granting Defendant's Motion for Leave to Amend Counterclaims is **OVERRULED**.

Signed: June 8, 2010

Graham C. Mullen
United States District Judge