# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:08cv367

| | |
|---|---|
| **HIGH VOLTAGE BEVERAGES, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| **THE COCA-COLA COMPANY,** ) | |
| ) | |
| **Defendant and Counter** ) | |
| **Claimant,** ) | |
| ) | |
| Vs. ) | |
| ) | |
| **BRAND NAME MANAGEMENT, INC.;** ) | |
| **and OWEN RYAN,** ) | |
| ) | |
| **Counter Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendant's Motion to Strike the Untimely Expert Report of Vincent Thomas (#195). On August 17, 2010, a hearing was conducted on such motion.

During argument, the court specifically asked counsel for the defendant whether this issue was, as suggested by plaintiff, more appropriate for disposition immediately before trial by the district court, to wit, in the nature of a <u>Daubert</u> motion. Counsel for defendant responded that

-1-

> THE COURT: What do you think about the plaintiff's argument that this should be decided by the trial court ... close to or at the time of trial?
>
> MS. MITCHELL: I think that that would be the case if we were attacking the substance of the report in the sense of -- you know, we believe that the whole corrective advertising theory as a whole is flawed for a whole number of reasons, but this, in particular, relates to a discovery violation, in our view, in that they had all the documents that this was related to months earlier.

(#229, at 8-9). In response, plaintiff argued that the report defendant seeks to strike is not even a report, but "a portion of [a] supplemental schedule that was produced on the day of his [the expert's] deposition . . . almost a year ago . . . ." Id., at 11.

According to plaintiff, defendant failed to disclose the advertising costs of bottlers even though plaintiff requested disclosure of defendant's advertising costs for VAULT, including those of its agents, representative, and subsidiaries. Plaintiff contends that it did not learn of such alleged additional advertising expense related to the promotion of vault until it deposed defendant's employee Brandon Leck, former employee Raminder Bindra, and then a 30(b)(6) witness. A week after discovering such additional expense, plaintiff's expert Vince Thomas was deposed and he provided the supplemental schedule, based on the information discovered the week before, that is now in dispute. Apparently, plaintiff has offered defendant an additional opportunity to re-depose Mr. Thomas. Plaintiff argues that the report is neither new or untimely, rather, the data that was plugged into the supplemental report

was different based on information it later received from defendant.

The court has closely considered all the arguments of counsel and finds that the instant Motion to Strike involves two very distinct arguments: first, defendant argues that the report should be stricken as untimely; and second, defendant argues that the report should be stricken substantively.

As to the first argument, it appears that the report defendant seeks to strike is merely a supplement to an expert report based on discovery of data after the expert report deadline. It does not appear that the data changes the science or theory behind the report; rather it inputs new advertising or marketing numbers and comes out with a new number for advertising injury. While perhaps overly simplified, it would be illogical to conclude that Rule 26 requires supplementation of discovery responses, but would not allow such supplemental information to be considered by an expert simply because the expert's report has been served. While Due Process would require an opportunity to re-depose the expert and counter the expert's additional opinion with responsive expert opinion, the court simply cannot find that the expert's consideration of new data, his provision of a supplementary schedule, and giving opinion testimony as to his conclusions in any way violates Rule 26 or the Pretrial Order.

The court is mindful of defendant's well reasoned argument that "[e]xpert reports are very expensive in a case of this magnitude . . ." id., at 9, and that

"discovery on all these issues closed a long, long, long time ago . . . ." Id., at 10. The close of discovery is not, however, the end-of-the-road under Rule 26. While the parties are initially obligated to produce discoverable information when requested, they have a continuing obligation to supplement such information under Rule 26(e)(1), Federal Rules of Civil Procedure. In this case, it appears that the additional damages information was not discovered through any disclosure or supplement, but fortuitously during depositions taken by plaintiff that occurred well after the damages expert had served his report. While this scenario is not specifically addressed in the federal rules, Rule 26 (e)(2) speaks to supplementation in regards to experts:

> **(2) Expert Witness.**
> For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Fed.R.Civ.P. 26(e)(2). In turn, pretrial disclosures under Rule 26(a)(3) must be made "at least 30 days before trial." Fed.R.Civ.P. 26(a)(3)(B).[1] The undersigned cannot find that Mr. Thomas's supplemental schedule is untimely, as it was clearly tendered within the time allowed under Rule 26(e)(2) and in response to information discovered one week earlier.

Defendant next argues that the report should be stricken substantively. Review

---

[1] Rule 26(b)(1) disclosures are governed by the time set in the Pretrial Order.

of the defendant's brief and oral arguments reveals that defendant takes issue with the substantive conclusions drawn by Mr. Thomas, especially the increase in damages contained in the supplemental report. As a side issue, a dispute has arisen between the parties concerning whether (1) advertising, marketing, or promotional expense incurred by defendant's bottlers (some apparently wholly owned and some independently owned) is fair game for advertising injury, and (2) whether bottlers were included in the definition in the discovery request. The court believes that the evidence is discoverable regardless of the source of funds or the method of accounting, as ultimately the funds were used to promote sales of defendant's product. Whether it is admissible or is the proper basis for a damages opinion is not now before the court.

To the extent defendant's motion seeks to substantively strike Mr. Thomas's opinions or to prevent plaintiff from using him as an expert, defendant's motion is premature in that it seeks a pretrial determination that an expert witness is not qualified to testify. Under well settled federal law, Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and Kuhmo Tire Co. V. Carmichael, 119 S.Ct. 1167 (1999), it is left to the sound discretion of the trial judge to determine whether or not a tendered expert should be allowed to testify after the trial court

conducts its own inquiry of the witness.[2]  Thus, this decision does not reach the second issue raised in defendant's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Strike the Untimely Expert Report of Vincent Thomas (#195) is **DENIED;** however, the issue as to whether the report should be stricken for substantive reasons is **DENIED** without prejudice as to seeking a determination before the district court before trial under Daubert.

Signed: September 22, 2010

Dennis L. Howell
United States Magistrate Judge

---

[2] Such inquiry may also be appropriate in conjunction with a summary judgment motion in which a party seeks to tender such expert report.